SCHEB, Acting Chief Judge.
The City of Bradenton challenges a final order of the Florida Department of Environmental Regulation (D.E.R.) dismissing its petition for a formal proceeding regarding issuance of a permit to Amerifirst for construction of a boat ramp. We affirm.
Amerifirst filed for a special permit to construct a boat ramp and to create a herbaceous wetland adjacent to Braden River in Manatee County. Thereafter, the City petitioned for a formal proceeding pursu *167 ant to section 120.57(1), Florida Statutes (1989). Amerifirst then withdrew its application for a special permit and D.E.R. notified the City by a copy of its letter to Amerifirst that the project appeared to be qualified to use a general permit.
The City cites D.E.R.’s intent to issue the special permit filed before that application was withdrawn. In the notice, D.E.R. instructed Amerifirst to publish a notice under section 403.814, thus creating a point of entry for the City to challenge the special permit. The City argues that once D.E.R. required publication, the City could challenge all aspects of the project, even though the application for a special permit was later withdrawn and a general permit used in its place. We disagree. A project authorized by a general permit may be accomplished without agency action and without a point of entry for a third party to initiate an administrative contest. See § 403.814, Fla.Stat. (1989). Once the application was withdrawn, D.E.R.’s notice of intent became irrelevant since Amerifirst was no longer seeking to proceed under the special permit. Therefore, D.E.R. concluded that there was no point of entry for the City to challenge Amerifirst’s use of its general permit. While we do not find error in this determination, a further comment is in order.
The City points out that Amerifirst’s boat ramp project is on the Braden River, which feeds Evers Reservoir, the City’s drinking water supply. The City alleges that since the project is upstream, the ramp will cause a degradation of water quality as a result of attendant traffic and increased pollutants. It contends there are disputed issues regarding expected violations of water quality standards and seeks to air the problems it apprehends.
We recognize that the municipality has a justifiable concern, as do all residents and governmental entities, in preserving water resources. Indeed, these concerns have achieved recognition in the state’s constitution. Art. II, § 7, Fla. Const.1968. In that connection, we note that the appellate docketing statement filed by the City indicates litigation is now pending in circuit court pertaining to accompanying issues. At oral argument, the City’s counsel advised that these proceedings have been stayed pending our decision in the instant case.
Accordingly, we emphasize that our af-firmance is without prejudice to the City to litigate in circuit court any issues concerning the proposed project which may adversely affect the public health and welfare. This relates specifically to the preservation and protection of water resources affecting the City’s drinking water supply.
DANAHY and ALTENBERND, JJ., concur.